**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0215, <u>John Doe v. Commissioner, New Hampshire Department of Safety & a.</u>, the court on January 14, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, John Doe, appeals a Superior Court order (<u>Schulman</u>, J.) dismissing his complaint against the defendants, the Commissioner of the New Hampshire Division of State Police (the Division) and the New Hampshire Attorney General's Office (collectively, the State). On appeal, the plaintiff argues that his name should be removed from the Exculpatory Evidence Schedule (EES) because his conduct is not "potentially exculpatory" under RSA 105:13-d (2023). Specifically, the plaintiff argues that his conduct — making false statements to a police dispatcher over twenty years ago regarding a traffic stop — is not "potentially exculpatory evidence" under RSA 105:13-d due to the passage of time and his flawless disciplinary record since the incident. Because the trial court's order preceded our articulation of the appropriate standard for determining whether evidence is "potentially exculpatory" under RSA 105:13-d, we vacate and remand.

We accept the following factual allegations set forth in the plaintiff's pleadings as true for the purposes of this appeal. <u>See</u> <u>Barufaldi v. City of Dover</u>, 175 N.H. 424, 425 (2022). In 1999, the plaintiff responded to a report of a possible drunk driver while he was employed as a trooper for the Division. The stopped driver was the Chief of Police for a local town. Despite the plaintiff believing that the Chief was impaired, he told the police dispatcher that the driver was not intoxicated, that the vehicle was disabled, and that he was transporting the operator to a telephone. In fact, the plaintiff drove the Chief home.

Months later, the Division became aware of the incident. The Division also discovered a subsequent incident in which the plaintiff failed to stop a vehicle registered to the same Chief of Police when he believed that the driver might have been intoxicated. The Division conducted an internal investigation into the plaintiff's conduct, during which the plaintiff was forthcoming and took responsibility for his actions. The investigation found that the plaintiff violated Division policies relating to integrity and duty requirements, and the plaintiff was suspended for ten days without pay.

In February 2020, the plaintiff was notified that his 1999 suspension had been reviewed and that the Division intended to submit his name for inclusion on the EES. In June 2020, after holding a hearing, the Division submitted the plaintiff's name for inclusion on the EES. In July 2020, the circuit court reviewed the plaintiff's personnel file in camera in relation to a criminal proceeding in which the plaintiff was a witness, and the court determined that the information in the plaintiff's personnel file was not exculpatory and need not be disclosed in that particular case.

In 2021, the plaintiff filed a complaint in superior court in which he argued that his placement on the EES is unwarranted because his personnel file does not contain potentially exculpatory evidence. The plaintiff argued that he should not be on the EES due to his honesty during the internal investigation, the age of the conduct, and his exemplary disciplinary record since the incident.

The State filed a motion to dismiss. The trial court granted the State's motion. In its ruling, the trial court accepted that "the conduct occurred more than 20 years ago," "that the plaintiff has been an exemplary officer ever since," and "that he has no additional bruises on his credibility." Nonetheless, the trial court reasoned that the plaintiff's inclusion on the EES was appropriate because "[p]rosecutors must provide the defense with any information that could impeach the witness['s] credibility, including information that might be admissible under" New Hampshire Rule of Evidence 608(b) for impeachment purposes. The trial court reasoned that "if the plaintiff were called to corroborate the account of a fellow officer" whom a defendant accused of wrongdoing, then it may be permissible to ask the plaintiff if he has ever lied to conceal a fellow officer's misconduct. Accordingly, the trial court ruled that the plaintiff's conduct during the 1999 incident warranted including the plaintiff's name on the EES. The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

The principal issue on appeal is whether the trial court erred in dismissing the plaintiff's complaint by concluding that the plaintiff's conduct is "potentially exculpatory evidence" warranting his placement on the EES. When reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations in the pleadings are reasonably susceptible of a construction that would permit recovery. Doe v. N.H. Attorney Gen. (Activity Logs), 176 N.H. 806, 812 (2024), 2024 N.H. 50, ¶13. We assume the facts alleged in the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the granting of a motion to dismiss if the facts pled do not constitute a basis for legal relief. Id.

RSA 105:13-d, I, provides that "[t]he department of justice may voluntarily maintain an [EES]," which "shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence." The statute further provides that an officer may challenge his or her placement on the EES in superior court, and "the individual's name and corresponding information will become public" unless "a court issues an order finding that the underlying misconduct is not potentially exculpatory" or "[a] court issues an order finding that the law enforcement agency erred in recommending that the officer be placed on the [EES]." RSA 105:13-d, II(a)-(d).

Recently, in Doe v. New Hampshire Attorney General (Activity Logs), we held that "potentially exculpatory evidence" under RSA 105:13-d, I, is evidence, including impeachment evidence, that is "reasonably capable of being material to guilt or to punishment." Doe (Activity Logs), 176 N.H. at 814, 2024 N.H. 50, ¶18. We explained that the considerations bearing upon the admissibility of evidence are relevant to the determination of whether information is "potentially exculpatory" such that an officer's inclusion on the EES is warranted. Id. at 815, 2024 N.H. 50, ¶20. "If there is no reasonably foreseeable case in which 'potentially exculpatory evidence' relating to an officer's conduct would be admissible, due to the passage of a significant length of time or some other factor weighing on the conduct's relevance," then an officer's inclusion on the EES is not warranted. Id.

The trial court order in this case preceded our articulation of the applicable standard in Doe. Having articulated this new standard, we vacate the trial court's ruling and remand for further proceedings consistent with this order.

Vacated and remanded.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3